## STATE OF FLORIDA v McAULEY

## Case No. 89-74AC10 (Lower Court Case No. 88-20433MM10A)

Seventeenth Judicial Circuit, Broward County

January 14, 1991

**APPEARANCES OF COUNSEL**

**Lewis Michael,** Assistant State Attorney, for appellant.
**Kayo Morgan, Esquire,** for appellee.

**OPINION OF THE COURT**

ROBERT B. CARNEY, Circuit Judge.

*ORDER AFFIRMING TRIAL COURT GRANTING APPELLEE'S MOTION FOR DISCHARGE*

THIS CAUSE having come before this Court upon Appellant's appeal of the Trial Court's order granting the Appellee's Motion To

Discharge. The Court having received and reviewed the respective appellate briefs, and being fully advised in the premises, makes the following findings of facts and conclusions of law:

FINDINGS OF FACTS:

1. On August 29, 1988, the Appellee, Kenneth McAuley, was charged by Misdemeanor Information, with driving under the influence in violation of Fla. Stat. § 316.193(1), and open container violation, contrary to Fla. Stat. § 125.69.

2. Appellee's case came before the County Court for trial on January 5, 1989. The jury found the Appellee guilty of the open container violation. The jury could not reach a decision on the DUI charge and the trial court judge declared a mistrial, as to the DUI charge.

3. On January 11, 1989, counsel for the Appellee filed with the trial court a motion to recuse the trial judge. On January 13, 1989, the Court denied the motion. The Appellee was sentenced on the same date.

4. On March 16, 1989, counsel for Appellee filed, in open court, a second motion for recusal of the trial court judge. The Appellee's motion was granted and an Order of Recusal was entered on the same day.

5. On April 18, 1989, counsel for the Appellee requested and was granted a continuance. The record reflects the next activity taking place on May 2, 1989. Defense counsel then requested and was granted a second continuance on June 12, 1989. The next recorded activity took place on July 5, 1989.

6. On September 21, 1989, counsel for the Appellee filed with a trial court a Motion For Discharge. A hearing was held on September 28, 1989, which resulted in the trial court granting the motion for discharge.

7. The Appellant filed a Notice of Appeal on October 12, 1989.

BASED ON THE FOREGOING, THIS COURT MAKES THE FOLLOWING CONCLUSIONS OF LAW:

Rule 3.191 of the Florida Rules of Criminal Procedure, as adopted by the Florida Supreme Court in *The Florida Bar Re: Amendment to Rules-Criminal Procedure,* 462 So.2d 386, 387-88 (Fla. 1984), provides in part that:

(g) Effect of mistrial; Appeal; Order of New Trial. A person who is to be tried again or whose trial has been delayed by an appeal by the State or the defendant shall be brought to trial within 90 days from the

date of declaration of a mistrial by the trial court,. . . If a defendant is not brought to trial within the prescribed time periods, the defendant shall be entitled to the appropriate remedy as set forth in section (i) below.

Sub-section (1)(2) provides:

(2) In case of a defendant charged with a misdemeanor, the defendant shall, upon motion timely made with the court at the expiration of the prescribed time period, be forever discharged from the crime.

Sub-section (i)(3) provides:

(3) In the case of a defendant charged with a felony, the defendant may, at any time after the expiration of the expiration of the prescribed time period, file a motion for discharge.

Sub-section (i)(4) provides:

(4) No later than 5 days from the date of the filing of a motion for discharge, the court shall hold a hearing on the motion, and unless the court finds that one of the reasons set forth in section (d)(3) exists, shall order that the defendant be brought to trial within 10 days. If the defendant is not brought to trial within the 10 day period through no fault of the defendant, the defendant shall be forever discharged from the crime.

The Supreme Court by adopting this amendment, with the provisions of section (1)(4), gave the state attorney 15 days within which to bring a defendant to trial from the filing of the motion for discharge.

The Court in its commentary stated:

1984 Amendment—The intent of (i)(4) is

to provide the state attorney with 15 days within which to bring a defendant to trial from the date of the filing of the motion for discharge. . .

This section provides that, upon failure of the prosecution to meet the mandated time periods, the defendant shall file a motion for discharge, which will then be heard by the court within 5 days. The court sets trial of the defendant within 10 additional days. The total 15 day period was long enough that the system could, in fact, bring to trial a defendant not yet tried, but short enough that the pressure to try defendants within the prescribed time period would remain. . .

The committee further felt that it was not appropriate to extend the new remedy provisions to misdemeanors, but only to more serious offenses. Id. at 388.

11

As it is clearly shown in the commentary by the Florida Supreme Court, Rule 3.191 and its provision for automatic discharge of misdemeanor cases that were not tried within 90 days of mistrial was not to be disturbed. The defendant, in this instance, was charged with violation of F.S. § 316.193(1), which is a misdemeanor. As stated above, the trial court on January 5, 1989, declared a mistrial as to this violation. As such, the defendant was placed under the umbrella and guidelines of Rule 3.191.

Indeed the Appellant is correct in its assertion that the "automatic discharge" in misdemeanor cases was repealed. see. *In Re: Amendment to Florida Rule of Criminal Procedure 3.191 (Speedy Trial)*, 542 So.2d 1330 (Fla. 1989). However, this amendment did not become effective until July 1, 1989. Id. at 1330.

Accordingly, the "automatic discharge" was still in effect on January 5, 1989, when the mistrial was declared, and the Appellee's rights had accrued. The ninetieth day after the mistrial was declared, January 5, was April 5, 1989. As such, the trial court was correct in discharging the Appellee without consideration of the additional "window" period given to the State.

This Court finds no merit in the Appellant's additional argument that the Appellee was neither ready nor available for trial, based upon his motions for recusal and his request for continuances. Neither the Appellant or the record in this case provides any evidence that the Appellee was unavailable for trial. The first time the Appellee moved for a continuance was on April 18, 1989, well after the ninety days had passed. Even if the speedy trial time was tolled due to the Appellant's recusal motions, that period would only account for a total of three days. The Appellee filed his first motion for recusal on January 11, 1989. That motion was denied two days later, January 13, 1989. The Appellee then filed his second motion for recusal on March 16, 1989. The Court granted the Appellee's motion on that same day.

Accordingly, it is hereby,

ORDERED AND ADJUDGED that the decision of the Trial Court is UPHELD.

DONE AND ORDERED in Chambers, at the Broward County Courthouse, 201 Southeast Sixth Street, Fort Lauderdale, Broward County, Florida 33301, this 14th day of January, 1991.